FILED
U.S. IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 03 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOAN E. CLEMMONS,

               Plaintiff,        **MEMORANDUM AND ORDER**

    - against -                  13-CV-7229 (KAM)

ERIC H. HOLDER, United States
Attorney General, et al.,

               Defendants.
----------------------------------------X

**MATSUMOTO, United States District Judge:**

        By motion dated January 22, 2014 and docketed July 27, 2014, pro se plaintiff Joan E. Clemmons ("plaintiff") submitted a motion for the recusal of the Honorable Robert M. Levy and objections to a January 8, 2014 order issued by Judge Levy. ("Pl. Mot.," ECF No. 4.) Magistrate Judge Levy's order states, in relevant part, that, pursuant to Federal Rule of Civil Procedure 4(m), if service of the summons and complaint is not made upon defendants by April 18, 2014, Judge Levy will, absent a showing of good cause, recommend that the action be dismissed without prejudice. (ECF No. 3.) Plaintiff's motion challenges Judge Levy's authority to issue the aforementioned order, as well as the court's authority to dismiss an action based on lack of service. Finally, plaintiff requests, based on the contentions in her motion, that Judge Levy recuse himself, and, additionally, that the undersigned recuse herself. (Pl. Mot. 4-

5.) For the reasons set forth below, plaintiff's motion is denied, and Judge Levy's order is affirmed.

Plaintiff's argument that Judge Levy acted outside the bounds of his authority in issuing the January 8 order is incorrect. Judge Levy's statement in his order that he was assigned all pre-trial matters in this case is correct as a matter of law and the court's local rules. Title 28 U.S.C. § 636 provides that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with limited exceptions not relevant here. 28 U.S.C. § 636(b)(1)(A). Under the Local Civil Rules, magistrate judges in the Eastern District are automatically "assigned to each case upon the commencement of the action" and may issue or modify scheduling orders. Local Civil Rules 16.2, 72.2, *available at* https://www.nyed.uscourts.gov/sites/default/files/local_rules/localrules.pdf. "Except in multi-district cases and antitrust cases, a Magistrate Judge so assigned is empowered to act with respect to all non-dispositive pretrial matters unless the assigned District Judge orders otherwise." Local Civil Rule 72.2. For dispositive matters, such as involuntary dismissal of an action, a magistrate judge may submit to the district judge "proposed findings of fact and recommendations for [those matters'] disposition." 28 U.S.C. § 636(b)(1)(B).

Judge Levy was randomly assigned to this case. He thus has authority to handle pretrial matters, including service of process and discovery, and to make recommendations to the undersigned regarding issues that could dispose of this case. The January 8 order, therefore, was within Judge Levy's authority pursuant to the United States Code and this court's local rules.

Plaintiff also disputes the court's ability to dismiss the case without prejudice for lack of service because, she contends, "the court . . . before it has proof of validity of the service of summons or of waiver of service of summons has no personal jurisdiction over the defendants." (Pl. Mot. 3.) Plaintiff's conclusion is incorrect. As Judge Levy's order notes, pursuant to Federal Rule of Civil Procedure 4(m), if "a defendant is not served within 120 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff-- must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

It is correct that a court cannot exercise personal jurisdiction over a defendant who has not been served. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). However, this does not mean that a complaint that has not been served cannot be dismissed under Rule 4(m). To the

3

contrary, where a court does not have personal jurisdiction over a defendant due to lack of service (and the time for service has expired and has not been extended), the court cannot hear the claims against that defendant and must dismiss. *See, e.g., Amnay v. Del Labs*, 117 F. Supp. 2d 283, 287 (S.D.N.Y. 2000). For these reasons, plaintiff's arguments are unavailing and her complaint could properly be dismissed without prejudice absent timely service, a showing of good cause as to why service could not be effected, or an extension of time to serve defendants at the court's discretion. In any event, the question of dismissal for lack of service in this case is not currently before the court. Plaintiff indicates that she has begun the process of serving the defendants or obtaining waivers of service. (Pl. Mot. 3.) The deadline for such service (or for a showing of good cause for a delay in service) is April 18, 2014, leaving plaintiff time to continue her efforts to serve the defendants in this action.

Finally, plaintiff requests the recusal of Judge Levy and of the undersigned. Title 28 U.S.C. § 455 states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." § 455(a). A determination on a motion for recusal lies within the discretion of the judge whose impartiality is being questioned. *Local 338,*

4

*RWDSU v. Trade Fair Supermarkets*, 455 F. Supp. 2d 143, 144 (E.D.N.Y. 2006) (citing *United States v. Oluwafemi*, 883 F. Supp. 885, 890 (E.D.N.Y. 1995)). Therefore, any motion for Judge Levy to recuse himself is properly put to Judge Levy. The court notes, however, as indicated above, that Judge Levy's order was not improper and that a "judge has an affirmative duty . . . not to disqualify himself unnecessarily." *Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 150 (S.D.N.Y. 2012) (quoting *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F. 2d 953, 958 (2d Cir. 1978)) (alterations in the original).

Plaintiff has not identified any reason that the undersigned should recuse herself. Because plaintiff has not stated how the undersigned's impartiality might reasonably be questioned in this case, recusal is unnecessary and this portion of plaintiff's motion is denied.

For the foregoing reasons, plaintiff's motion is denied in its entirety, and Judge Levy's order of January 8, 2014 is affirmed. The Clerk of Court is requested to mail a

copy of this order to plaintiff at the address listed on the docket sheet and to note service on the docket.

**SO ORDERED.**

Dated:   Brooklyn, New York
         February 3, 2014

                                            _____/s_____
                                            KIYO A. MATSUMOTO
                                            United States District Judge